```
CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED

2022 NOV 23 PM 1:35

DEPUTY CLERK _____
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **ERIC L. ELLIS,**<br>Plaintiff,<br><br>vs.<br><br>**City of White Settlement Officer John Doe and City of White Settlement Officer Jane Doe**<br><br>**Defendants** | Case No.:<br><br>4-22CV-1033-O<br><br>22-cv-01033 |

## PLAINTIFF'S AMENDED COMPLAINT

NOW COMES Eric L. Ellis, Plaintiff, complaining of Defendants, City of White Settlement Officer John Doe and City of White Settlement Officer "Jane Doe" for cause would show this Honorable Court as follows:

## PARTIES

1. Plaintiff Eric L. Ellis is a male adult of sound mind and a resident of 8539 Melissa Dr Fort White Settlement, TX 76108.
2. Defendant Officer Jane Doe" is a yet unidentified person(s) of the full age of majority who, at all pertinent times, was an officer(s) employed by the White Settlement Police Department acting under the color of the State of Texas. This defendant(s) is being sued in her individual capacity.
3. Defendant "John Doe" is a yet unidentified person(s) of the full age of majority who, at all pertinent times, was an officer(s) employed by the White Settlement Police Department acting under the color of the State of Texas. This defendant(s) is being sued in his individual capacity.

## JURISDICTION AND VENUE

4. Jurisdiction is also proper in this Court under 28 U.S.C. §§ 1331 and 1343 because the controversy arises under the U.S. Constitution and 42 U.S.C. § 1983. Plaintiff also invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a) over state law claims. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because the events giving rise to Ellis 's claims happened within this district.

## NATURE OF THE CASE

5. Ellis brings claims under 42 U.S.C. § 1983 against White Settlement Police Officer "Jane Doe" and White Settlement Police Officer "John Doe" on the grounds that his requests for public information was ignored in retaliation for his

protected speech. By maliciously ignoring and denying Eric Ellis's public information request the Defendants violated Eric Ellis's first amendment rights.

## STATEMENT OF FACTS

6. On 11.8.22 upon being released from City of White Settlement Police Department Jail, Eric Ellis requested copies of the civil rights complaint he had written just hours earlier from inside the jail cell.
7. Officer John Doe and Officer Jane Doe denied Eric Ellis a copy of the complaint stating they don't know where the complaint is and to return later for a copy of the complaint.
8. Eric Ellis respectfully obliged as he returned to City of White Settlement's Police Department later that day on 11.8.2022 requesting a copy of the complaint.
9. The City of White Settlement Officers employed in the records department denied Eric Ellis once more a copy of the complaint he had hand-written and submitted just hours earlier.
10. Officer John Doe and Officer Jane Doe responded by acknowledging that the White Settlement Police Department have received Eric Ellis's Public information request via email and stated that the complaint hasn't been processed yet and they have 10 days to get the public information Eric Ellis requested delivered to him along with the prices of the documents.
11. Today is 11.23.2022 and Eric Ellis still have not received the Public Information requested nor a response from the White Settlement Police Department regarding the status of the request.
12. City of White Settlement Officers Jane Doe and Officer John Doe blatantly ignored Eric Ellis's request for public information in retaliation for his protected speech.
13. In addition to retaliating against Eric Ellis because he engaged in a protected activity, the City of White Settlement Officers violated Texas Public Information laws by not supplying Eric Ellis the information he requested by the 10-day deadline.

### DEFENDANTS WILLFULLY IGNORED ERIC ELLIS'S REQUEST FOR PUBLIC INFORMATION, in violation of the TPIA.

14. The Defendants violated the Texas Public Information Act (TPIA) by refusing to promptly supply (or supply at all) public information on these controversial matters that could be embarrassing to the City of White Settlement, White Settlement Police Department, its current or prior officials, and its management staff. City of White Settlement completely ignored requests for information, continue to stall while the controversial matters progressed.

### COUNT I

#### First Amendment Retaliation, 42 U.S.C. § 1983

15. The First Amendment of the U.S. Constitution protects the rights of citizens to engage in certain constitutionally protected activity. Eric Ellis exercised his First Amendment rights to freedom to *freedom of speech* and freedom to seek while he consistently inquired with the Defendants about receiving copies of information that should be open to the public. It was clearly established at the time of the incident that requesting Public Information from Public Officials is a protected activity, and that the First Amendment prohibits law enforcement officers from retaliating against a citizen engaging in that activity. At the time of the incident,

Eric Ellis had a clearly established constitutional right under the First Amendment to request Copies of the Complaint he had just written hours earlier. The defendants maliciously ignored the plaintiff's requests violating the Texas Public Information act. In doing so, the Defendants violated Ellis's clearly established First Amendment rights. Moreover, White Settlement Police Officer "Jane Doe" and White Settlement Police Officer "John Doe's actions were substantially motivated against Eric Ellis's exercise of his constitutional right to freedom to seek, freedom receive, and freedom to know. Eric Ellis exercised his right to seek and receive public information from the Defendants and he was retaliated for it. Any reasonable law enforcement officer would have known that this conduct would violate Eric Ellis's clearly established constitutional rights. None of the White Settlement Officers are not entitled to qualified immunity for their conduct, because their retaliation against Eric Ellis violated Ellis's clearly established constitutional rights and was objectively unreasonable.

16. As a direct and proximate result of Defendant's retaliation, Eric Ellis suffered actual emotional harm and violations of his rights protected by the Constitution. Eric Ellis is entitled to fees and costs under 42 U.S.C. § 1988, prejudgment interest, and costs allowable by federal law. Eric Ellis is also entitled to punitive damages against Officer White Settlement Police John Doe and White Settlement Police Officer Jane Doe under 42 U.S.C. § 1983 because their actions and/or inactions were malicious, willful, or with reckless or wanton disregard of Eric Ellis's constitutional rights.

## COUNT II - NONFEASANCE

17. The facts stated above are incorporated here as the basis for this cause of action for nonfeasance. City of White Settlement Officer Jane Doe and City of White Settlement Officer "John Doe's" inactions resulted in liability when;

> (1) When the White Settlement Police Department received the Records request, The City of White Settlement's actors owed a duty of care toward the Plaintiff,
>
> (2) The White Settlement Police Department failed to act on that duty, and
>
> (3) the failure to act resulted in violation of the plaintiff's rights.

### JURY DEMAND

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### G. PRAYER FOR RELIEF

16. Mr. Ellis prays that this Court enter judgment for him and against each of the Defendants, finding that Defendants' conduct violates the First Amendment of the United States Constitution and granting him all relief to which he is entitled at law, including but not limited to: a declaration that Defendants' conduct violates the United States Constitution; punitive damages, and the costs associated with this action, on all claims allowed by law; pre and post-judgment interest at the lawful rate; and any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

WHEREFORE, Plaintiff Eric Ellis, respectfully prays that this Honorable Court enter judgment in his favor and against Defendants for all relief to which he is entitled as a matter of law including punitive damages, and that Defendants be held jointly, severally,

and solidarity liable, and that all general and equitable relief be granted under federal and Texas law.

Dated: 11.23.2022

Respectfully Submitted,

Eric L. Ellis

8539 Melissa Dr Fort Worth, Tx 76108

(318) 507-5030

EricLamarEllis@gmail.com
